ROB BONTA
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
T. MICHELLE LAIRD
Supervising Deputy Attorney General
JEREMY STEVENS, State Bar No. 313883
Deputy Attorney General
TIMOTHY M. MUSCAT, State Bar No. 148944
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7779
 Fax: (916) 323-2319
 E-mail: Timothy.Muscat@doj.ca.gov
*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BERRY CREEK RANCHERIA OF MAIDU INDIANS OF CALIFORNIA**, a federally-recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; GAVIN NEWSOM**, as Governor of the State of California; and DOES 1 THROUGH 10,<br><br>Defendants. | 2:21-cv-02284-AWI-SKO<br><br>**STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**<br><br>Date: August 1, 2022<br>Time: 1:30 p.m.<br>Dept.: 2<br>Judge: The Honorable Anthony W. Ishii<br>Action Filed: December 12, 2021 |

## INTRODUCTION

Defendants Gavin Newsom, in his official capacity as Governor of the State of California, and the State of California (State) (collectively State Defendants) oppose Plaintiff Berry Creek Rancheria of Maidu Indians of California's (Berry Creek or Tribe) motion for consolidation under

1

State Defs.' Opp'n to Pl.'s Mot. to Consolidate (2:21-cv-02284-AWI-SKO)

Federal Rule of Civil Procedure 42(a) (Motion).[1]  While Berry Creek's complaint shares some common legal theories with the complaint in *Pauma Band of Mission Indians v. Gavin Newsom, et. al.*, Case No. 2:21-cv-01166-AWI-SKO (*Pauma v. State*), the Court should exercise its broad discretion to deny the Motion because, for two reasons, consolidation would not promote judicial efficiency.

First, consolidation should be denied because the State Defendants have a pending motion to transfer *Pauma v. State* from the Eastern District to the Southern District of California. Second, although there are common—but not identical—legal theories under the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2701-2721, 18 U.S.C. §§ 1166-1167 in this matter (*Berry Creek v. State*) and *Pauma v. State*, these cases possess very different facts.

Berry Creek and the Pauma Band of Luiseño Mission Indians of the Pauma & Yuima Reservation (Pauma) did not jointly negotiate together during compact negotiations with the State to obtain successor class III gaming compacts under IGRA.  This is important because, under IGRA, courts determine good faith based upon an objective evaluation of the record of negotiations (RON).  *Rincon Band of Luiseno Mission Indians of Rincon Reservation v. Schwarzenegger*, 602 F.3d 1019, 1041 (9th Cir. 2010) (*Rincon*).  As a result, in adjudicating these factually distinct cases, the parties will be required to prepare two separate RONs and statements of undisputed facts in order to adjudicate these two factually unique IGRA lawsuits.  For these reasons, Berry Creek's Motion for a complete consolidation of *Berry Creek v. State* and *Pauma v. State* should be denied.

## LEGAL STANDARD

"'If actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.'  A district court has broad discretion to determine whether and to what extent consolidation is appropriate." *Blount v. Boston Scientific Corporation*, No. 1:19-CV-0578-AWI-SAB, 2019 WL 3943872, at *2 (E.D. Cal. Aug. 21, 2019).

---

[1] State Defendants do not oppose Berry Creek's request for the Court to adjudicate this motion without oral argument.

2

State Defs.' Opp'n to Pl.'s Mot. to Consolidate  (2:21-cv-02284-AWI-SKO)

District courts may exercise their broad discretion under Federal Rule of Civil Procedure Rule 42(a) to deny a motion for consolidation as premature when the moving party attempts to consolidate a case with another lawsuit that has a pending motion to dismiss and transfer. *See Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) (denying motion to consolidate without prejudice because "judicial efficiency is best served by deciding the pending motions to dismiss and transfer prior to any consolidation"). Finally, "[i]n exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation." *Chaparral Steel Midlothian, L.P. v. B-S Steel of Kansas, Inc.*, No. 03-2664-CM, 2004 WL 1004581, at *1 (D. Kan. Apr. 19, 2004).

**ARGUMENT**

**I.  BERRY CREEK HAS NOT MET ITS BURDEN OF PROOF IN FAVOR OF CONSOLIDATION BECAUSE STATE DEFENDANTS HAVE A PENDING MOTION TO TRANSFER IN *PAUMA V. STATE***

Berry Creek's Motion would not promote judicial efficiency because the Tribe is attempting to consolidate its case with another lawsuit that has a pending motion to transfer. In *Pauma v. State*, the State Defendants filed their motion to transfer nearly nine months ago, on October 15, 2021. Muscat Decl. ¶ 2. That motion is based on the State Defendants' position that the parties designated the location of the Tribe's Gaming Establishment—located in the United States District Court, Southern District—as the federal forum to adjudicate compact disputes, including disputes over a failure to negotiate a new compact in good faith under IGRA. *Id.* Based on that contractual agreement, the State Defendants have argued in their motion that *Pauma v. State* should be transferred to enforce the forum-selection clause in the contract previously negotiated by the parties. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 52 (2013). This Court's minute order on November 15, 2021 took the State Defendants' motion to transfer in *Pauma v. State* under submission without oral argument, and the motion remains pending. Muscat Decl. ¶ 3.

Berry Creek's Motion acknowledges the Eastern District's congestion of cases. However, Berry Creek's counsel, when representing Pauma, opposed the State Defendants' pending motion

3

State Defs.' Opp'n to Pl.'s Mot. to Consolidate  (2:21-cv-02284-AWI-SKO)

to transfer *Pauma v. State* out of the Eastern District.  Regardless of this inconsistency, Berry Creek should not be permitted to collaterally attack the State Defendants' pending motion to transfer in *Pauma v. State* by pursuing this Motion.  As a matter of judicial efficiency, the State Defendants request this Court to exercise its discretion under Federal Rule of Civil Procedure 42(a) by denying Berry Creek's Motion, and then ruling upon their pending motion to transfer in *Pauma v. State*.  *See Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1.  This process would not prejudice Berry Creek because the Tribe could refile its Motion if the State Defendants' pending motion to transfer is denied.[2]

### II. BERRY CREEK HAS NOT MET ITS BURDEN OF PROOF IN FAVOR OF CONSOLIDATION BECAUSE BERRY CREEK AND PAUMA NEGOTIATED THEIR COMPACTS SEPARATELY

Berry Creek's Motion also fails to promote judicial efficiency because this case and *Pauma v. State* are not based upon the same set of facts.  This difference is critical because the Ninth Circuit requires courts to objectively evaluate IGRA claims based upon the tribe's RON.  *Rincon*, 602 F.3d at 1041.  The Tribe's Motion focuses primarily on similar IGRA theories of liability alleged in the complaints filed in this case and *Pauma v. State*.  State Defendants do not dispute that in drafting its complaint, the Berry Creek's counsel borrowed significantly from the IGRA legal theories previously pled in *Pauma v. State*.  While these common legal theories are present in both complaints[3], Berry Creek ignores the far more important factor of its and Pauma's distinct and unconnected negotiation histories with State Defendants.  Under the facts of these very different cases, Berry Creek and Pauma never engaged in joint compact negotiations with State Defendants for successor compacts.

In this regard, Berry Creek and Pauma stand in stark contrast with the five plaintiff tribes (Chicken Ranch Rancheria of Me-Wuk Indians, Chemehuevi Indian Tribe, Blue Lake Rancheria,

---

[2] Alternatively, this Court could first rule on the State Defendants' pending motion to transfer *Pauma v. State* out of the Eastern District, which could render Berry Creek's Motion moot.

[3] While similar, the complaints are not identical.  For example the complaint in *Berry Creek v. State* includes two counts (Counts 16 and 17) that are not included in the *Pauma Creek v. State* complaint.

4

State Defs.' Opp'n to Pl.'s Mot. to Consolidate  (2:21-cv-02284-AWI-SKO)

Hopland Band of Pomo Indians, and Robison Rancheria) in *Chicken Ranch v. State of California*, Case No. 1:19-cv-00024-AWI-SKO.  Muscat Decl. ¶ 4.  Unlike these tribes, neither Pauma nor Berry Creek were members of the Compact Tribes Steering Committee (CTSC).  Muscat Decl. ¶ 4.  The CTSC is an organization of California tribes that joined together for the purpose of collectively negotiating with the State for new compacts to replace their existing class III gaming compacts.  *Id.*  Because the CTSC compact negotiations were conducted collectively, the CTSC tribes shared a common RON with the State.  *Id.*  As a result, in *Chicken Ranch v. State of California*, the negotiation history among the parties consisted of a single RON that included the negotiations with all five plaintiff tribes.  *Id.*  In contrast, Berry Creek and Pauma conducted their own sovereign negotiations with the State Defendants separately.  *Id.*  As a result, each tribe will be required to prepare with the State Defendants its own separate RON that documents these independent negotiations.[4]

The independent examination of each tribe's RON plays a critical role in the Court's adjudication of whether the State failed in its duty under IGRA to negotiate in good faith.  A tribe that brings an action under 25 U.S.C. § 2710(d)(7)(A)(i), must show, in part, that the state either failed to respond to the tribe's request to negotiate or did not respond to the request in good faith.  25 U.S.C. § 2710(d)(7)(B)(ii).  While IGRA requires "good faith" negotiations, the statute does not define this important term.  *In re Indian Gaming Related Cases v. State of California,* 147 F. Supp. 2d 1011, 1020 (N.D. Cal. 2001) (*Coyote Valley I*); *see* 25 U.S.C. § 2710(d)(3)(A).  Reported cases that have analyzed a state's good faith are adjudicated on motions for summary judgment or motions to dismiss based on the written record.  *Rincon*, 602 F.3d at 1041 (Ninth Circuit holding that "good faith should be evaluated objectively based on the record of

---

[4] There are several other IGRA cases before this Court involving plaintiff tribes that were former members of CTSC.  Muscat Decl. ¶ 5.  These cases include *Cahuilla Band of Indians v. State of California, et al.*, Case No. 2:20-cv-01630-AWI-SKO, *Soboba Band of Luiseño Indians v. State of California, et al.*, Case No. 1:20-cv-01147-AWI-SKO, *Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. State of California, et al.*, Case No. 2:20-cv-01585-AWI-SKO, *Bear River Band of the Rohnerville Rancheria v. State of California, et al.*, Case No. 1:20-cv-01539-AWI-SKO, *Bishop Paiute Tribe v. Gavin Newsom, et al.*, Case No. 1:20-cv-01318-AWI-SKO, and *Pit River Tribe v. Gavin Newsom, et al.*, Case No. 2:20-cv-1918-AWI-SKO.  *Id.*  In these cases, the RON for each tribe incorporates the RON in *Chicken Ranch v. State of California* for the time period that each tribe was a CTSC member.  *Id.*

5

State Defs.' Opp'n to Pl.'s Mot. to Consolidate  (2:21-cv-02284-AWI-SKO)

negotiations . . . ."); *Wisconsin Winnebago Nation v. Thompson,* 22 F.3d 719, 723 (7th Cir. 1994) (question of bad-faith negotiations under IGRA decided on cross-motions for summary judgment); *Cheyenne River Sioux Tribe v. State of South Dakota,* 830 F. Supp. 523, 527 (D. S.D. 1993) (issue of good-faith negotiation under IGRA should be decided on the basis of the transcripts of the negotiations). The proposals, counter-proposals, letters, and other documents that are part of the negotiations constitute the RON that courts will consider when applying IGRA's duty to negotiate in good faith to the unique factual history of compact negotiations for each tribe.

For Berry Creek and Pauma, this application of the law under IGRA to the unique facts in each tribe's RON must be conducted individually because, unlike the five plaintiff tribes in *Chicken Ranch v. State of California*, Berry Creek and Pauma did not conduct joint negotiations with the State. While *Berry Creek v. State* and *Pauma v. State* may raise similar claims that the State Defendants did not negotiate in good faith under IGRA, the critical application of the law to each case's unique negotiation history will remain entirely separate. Accordingly, the cross-motions for summary judgment in *Berry Creek v. State* and *Pauma v. State* will be adjudicated based upon each tribe's statements of undisputed facts and RONs that document the individual compact negotiations for that tribe.

Because *Berry Creek v. State* and *Pauma v. State* will require their own separate RONs, and accompanying statements of undisputed facts, consolidation is not warranted. Unlike the five plaintiff tribes in *Chicken Ranch v. State of California*, Berry Creek and Pauma simply do not share the same fact-intensive RON based upon joint negotiations that this Court can use to make individual determinations of whether the State Defendants negotiated in good faith under IGRA. As such, consolidation would not promote judicial efficiency. Rather, consolidation would risk blurring the different RONs in a manner that could prejudice the State Defendants.

Finally, Berry Creek's requested consolidation is unnecessary for this Court's efficient resolution of its case because the State Defendants have already stipulated to *Berry Creek v. State's* reassignment to Judge Ishii for all future proceedings. (Doc. 11.) The State Defendants seek no procedural advantages. If the State Defendants' motion to transfer *Pauma v. State* is

6

State Defs.' Opp'n to Pl.'s Mot. to Consolidate  (2:21-cv-02284-AWI-SKO)

denied, pursuant to its inherent authority to control its own docket, this Court may exercise its discretion to issue parallel scheduling orders in *Berry Creek v. State* and *Pauma v. State* to coordinate the simultaneous filings of cross-motions for summary judgment.  These scheduling orders could address any concerns by Berry Creek regarding any alleged unfair advantage to the State due to separate summary judgment briefing schedules.  Further, short of consolidation, the State Defendants have no objections to any orders from this Court that are designed to promote the Court's efficient resolution of the future cross-motions for summary judgment in each of these cases.

## CONCLUSION

For all the forgoing reasons, this Court should deny Berry Creek's motion to consolidate.

Dated:  July 11, 2022                                   Respectfully submitted,

ROB BONTA
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
T. MICHELLE LAIRD
Supervising Deputy Attorney General
JEREMY STEVENS
Deputy Attorney General


*/s/ Timothy M. Muscat*


TIMOTHY M. MUSCAT
Deputy Attorney General
*Attorneys for State Defendants*

7

State Defs.' Opp'n to Pl.'s Mot. to Consolidate  (2:21-cv-02284-AWI-SKO)