UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERRY CREEK RANCHERIA OF MAIDU INDIANS OF CALIFORNIA, et al., a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, GAVIN NEWSOME, as Governor of the State of California; and DOES 1 THROUGH 10,<br><br>Defendants. | No. 2:21-cv-02284-ADA-SKO<br><br>ORDER GRANTING PARTIES' STIPULATION FOR FINDING OF FAILURE TO NEGOTIATE IN GOOD FAITH BY STATE DEFENDANTS UNDER 25 U.S.C. § 2710(d)(7)(B)(iii)<br><br>ORDER REQUIRING PARTIES TO PROCEED TO REMEDIAL PROCESS PURSUANT TO 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii)<br><br>(ECF No. 39) |

On December 12, 2021, Plaintiff, Berry Creek Rancheria of Maidu Indians of California, filed a complaint alleging that Defendant State of California had violated the Indian Gaming Regulatory Act ("IGRA") by failing to negotiate with Plaintiff in good faith to enter a Tribal-State compact governing the conduct of Class III gaming activities on the Indian lands within Plaintiff's jurisdiction. (ECF No. 1 at ¶ 1.)

The following provides a brief background of the IGRA. The IGRA allows states to play a role in the regulation of tribal gaming in Indian country through good faith negotiations of Tribal-State compacts with Indian tribes. (ECF No. 1 at ¶¶ 10, 12-13.) Class III gaming, which is at issue here, is defined as all forms of gaming that are not in Class I gaming or Class II gaming, including

but not limited to, any house banking game; any slot machines as defined in 15 U.S.C. § 1171(a)(1) and electronic or electromechanical facsimiles of any game of chance; any sports betting and parimutuel wagering, including, but not limited to, wagering on horse racing, dog racing or jai alai; or lotteries. (*Id*. at ¶¶ 11-15.) An Indian tribe with jurisdiction over the Indian lands upon which Class III gaming activities are being conducted, or are to be conducted, shall request the state to enter negotiations to create a Tribal-State compact governing the conduct of Class III gaming activities. 25 U.S.C. § 2710(d)(3)(A). The Secretary of State is authorized to approve any Tribal-State compact entered between an Indian tribe and a state governing Class III gaming on the tribe's Indian lands. 25 U.S.C. § 2710(d)(8)(A).

        Currently before this Court is the Parties' stipulation and proposed order finding that State Defendants failed to negotiate in good faith under 25 U.S.C. § 2710(d)(7)(B)(iii) and for entry of an order requiring the Parties to proceed to the remedial process. (ECF No. 39.) Therein, the Parties request, under the first claim for relief in Plaintiff's Complaint, a finding "that the State failed to negotiate in good faith as required by IGRA because it sought to negotiate for compact provisions that fall well outside of IGRA's permissible topics of negotiations." (*Id*. at 3 (internal quotations omitted).) On July 28, 2022, the Ninth Circuit issued a decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 42 F.4th 1024 (9th Cir. 2022) where it considered whether the State of California had failed to negotiate in good faith with five California tribes seeking new Tribal-State compacts required by the IGRA for the tribes to conduct Class III gaming. *Id.* at 1041. The Court held that "IGRA strictly limits the topics that states may include in tribal-state Class III compacts to those directly related to the operation of gaming activities." *Id.* at 1029. The Court specifically addressed tribal recognition of spousal and child support orders for gaming facility employees, environmental review and mitigation, and broad tort claims covered. *Id.* at 1037-39. The Court held that family, environmental, and tort law provisions are not directly related to the operation of gaming activities under 25 U.S.C. § 2710(d)(3)(C)(vii). *Id.* at 1038.

        The Parties explain that the *Chicken Ranch* decision resolved three of the claims at issue in this litigation: "generally, the extent to which 25 U.S.C. § 2710(d)(3)(C)(i)-(vii) limits the permissible scope of compact negotiations, and whether the State's insistence on compact

provisions concerning broad tort claims coverage, employment spousal and child support orders, and environmental review and mitigation, as documented in the RON, constituted a failure of the State to negotiate in good faith with [Plaintiff]." (ECF No. 39 at 3.) Therefore, the Parties request this Court to issue a finding, under the first claim for relief in Plaintiff's Complaint, that the State failed to negotiate in good faith as required by IGRA and order the Parties to proceed pursuant to the remedial process set forth in the IGRA, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii), under the Court's continued supervision. (*Id.* at 3-4.)

Upon review the Court grants the Parties' stipulation and finds that, under the first claim for relief in Plaintiff's Complaint, the State failed to negotiate in good faith as required by IGRA, orders the Parties to proceed pursuant to the remedial process set forth in the IGRA, and the Parties shall bear their own costs and attorney's fees.

Accordingly,

1. The Parties' stipulation for finding of failure to negotiate in good faith by State Defendants and entry of order requiring Parties to proceed to the remedial process in 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii), (ECF No. 39), is GRANTED;

2. The Court finds that the State "has failed to negotiate in good faith with" Plaintiff "to conclude a Tribal-State compact governing the conduct of gaming activities," (*see* 25 U.S.C. § 2710(d)(7)(B)(iii)), under the Complaint's first claim for relief, consistent with the Ninth Circuit Court of Appeals decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 42 F.4th 1024 (9th Cir. 2022), and the undisputed facts agreed upon by the Parties;

3. The Parties are ordered to proceed pursuant to the remedial process set forth in Indian Gaming Regulatory Act, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii), under the Court's continued supervision; and

///
///
///
///

4. The Parties shall bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated:   October 25, 2023

_____
UNITED STATES DISTRICT JUDGE